IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT LEONARD JR., MD<br>South Building, Suite 202,<br>300 Centerville RD<br>Warwick RI 02886-0200 | : <br><br>:<br> | Case No: 23-239 |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| UNUM LIFE INSURANCE COMPANY<br>OF AMERICA<br>c/o Unum Group<br>1 Fountain Square<br>Chattanooga, TN 37402, | :<br><br>:<br><br>: | Magistrate Judge _____ |
| Defendant. | : | |

## COMPLAINT

For his Complaint against the Defendant, Unum Life Insurance Company of America, the Plaintiff, Robert Leonard Jr. MD, states as follows:

**Parties**

1. The Plaintiff, Robert Leonard, M.D., was at all relevant times an employee of Leonard Hair Transplant Associates, and a participant in an employee welfare benefit plan (the "Plan") established and maintained by Robert T Leonard, Jr, D.O., Inc. under the provisions of the Employee Retirement Income Security Act for the purpose of providing long-term disability benefits.

2. The Defendant, Unum Life Insurance Company of America, is the successor in interest to Provident Life and Accident Insurance Company and is the insurer of the long-term disability benefits at issue in this case under Policy No. LAD274759 (the "Policy"). Unum is, therefore, the real party in interest with respect to these claims.

## Jurisdiction and Venue

1. The Plaintiff's claims arise under ERISA. Jurisdiction is based on 29 U.S.C. §1132.

2. Unum conducts insurance business throughout the state of Rhode Island. Under 29 U.S.C. §1132(e)(2), venue is proper in the District of Rhode Island.

## Facts Common to All Claims

3. From 1994 through 2019, Dr. Leonard practiced medicine as a hair restoration surgeon. His weekly practice time typically consisted of 75% diagnostic consultations and 25% interventional procedures.

4. In 1994, Dr. Leonard applied for and obtained coverage under the Policy, and the Policy has been continually in force since 1994. A true, correct, and complete copy of the Policy is attached hereto as Exhibit A and incorporated by reference.

5. Dr. Leonard suffers from bilateral hand degenerative joint disease, right lower extremity neuropathy, and bilateral carpel tunnel. These conditions prevent him from safely using surgical instruments which is a necessity when conducting hair restoration procedures. As a result, when Dr. Leonard grasps a surgical instrument, he is unable to prefect it's use to the extent necessary to preform surgery.

6. In September 2019, Dr. Leonard's disability rendered him unable to work as a hair transplant surgeon.

7. On September 23, 2021, Dr. Leonard provided the Benefit Center with his initial claim forms indicating that he had been unable to work as a hair restoration surgeon effective September 11, 2019.

8. By letter dated February 4th 2022, Unum informed Dr. Leonard that no disability benefits were payable to Dr. Leonard's claim because he had remained able to perform the material and substantial duties of his profession as defined by his policy.

9. Dr. Leonard timely appealed, submitting a wealth of medical evidence as well as statements from his treating physicians.

10. By letter dated May 18, 2022, Unum denied Dr. Leonard's appeal. A true, correct and complete copy of Unum's May 18, 2022, letter is attached hereto as Exhibit B and is incorporated by reference.

11. In its denial letter, Unum conceded that Dr. Leonard had not been performing hair transplant surgery since November 2019. Unum claimed, however, that Dr. Leonard was able to perform surgery, and it claimed that because Dr. Leonard's medical records did not show impairment, he was not totally disabled within the meaning of the Policy.

12. As part of its review of Dr. Leonard's appeal, Unum secured medical opinions from outside experts that it then relied upon to deny Dr. Leonard's appeal. In violation of law, Unum did not afford Dr. Leonard an opportunity to review or comment on those opinions before issuing its decision denying his appeal, depriving Dr. Leonard of his right under ERISA to respond to this new evidence.

13. Upon receipt of Unum's final decision, Dr. Leonard, through counsel, pointed out to Unum its failure to satisfy ERISA's procedural requirement. A true, correct, and complete copy of counsel's letter is attached hereto as Exhibit C and incorporated herein by reference.

14. In its response, Unum claimed that the cited regulation was not applicable to Dr. Leonard's claim. A true, correct, and complete copy of Unum's response is attached hereto as Exhibit D and incorporated herein by reference.

15. Under 29 C.F.R. § 2560.503-1(h)(4), Unum was required to provide Dr. Leonard with this new evidence and offer him an opportunity to respond to it before Unum denied his appeal.

16. As a result of Unum's failure to allow Dr. Leonard to review the reports prior to the denial of his appeal, Unum's final decision on Dr. Leonard's long-term disability claim is unreasonable *per se*.

17. Dr. Leonard has exhausted his administrative remedies.

**Count I – Violation of ERISA**

18. The foregoing allegations are incorporated by reference as if fully rewritten herein.

19. Dr. Leonard brings this claim under ERISA and against Unum in its capacity as a plan fiduciary.

20. Dr. Leonard brings this claim on behalf of the Plan and for the benefit of all of its participants and seeks a determination that Unum's failure to furnish newly generated evidence to Dr. Leonard and to afford him an opportunity to respond to it before deciding his appeal violates ERISA.

21. Acting under authority delegated to it under ERISA, the Secretary of the United States Department of Labor has promulgated, and from time to time revised, administrative regulations governing how benefit claims, including claims for disability benefits, are to be processed and appealed.

4

22. Dr. Leonard's long-term disability benefit is a disability benefit under ERISA.

23. Unum's termination of Dr. Leonard's long-term disability benefit was an "adverse benefit determination" under ERISA.

24. Dr. Leonard was entitled, as a matter of law, to file and pursue an administrative review of Unum's decision to terminate his long-term disability benefit.

25. After Dr. Leonard timely filed and perfected his administrative appeal, Unum was required, as a matter of law, to provide Dr. Leonard with the opportunity to respond to new and additional evidence and rationales prior to Unum making its benefit determination.

26. Unum's failure to provide Dr. Leonard with the reports of Unum's file reviewers and offer Dr. Leonard an opportunity to respond to this new evidence prior to deciding Dr. Leonard's appeal constituted a violation of ERISA.

27. Unum's refusal to adhere to the administrative standards adopted by the United States Department of Labor deprives all plan participants, including Dr Leonard, of their right to a full and fair review of their claims, as provided by ERISA.

### Count II – For a Clarification of Rights Under the Policy

28. The foregoing allegations are incorporated by reference as if fully rewritten herein.

29. Dr. Leonard brings this claim under 29 U.S.C. §1132 and seeks a clarification of his rights under the Policy.

30. When he first became disabled, Dr. Leonard submitted a claim for, and Unum authorized payment for "total disability." The Policy defines the phrase, "total disability," as follows: "Total Disability or totally disabled means that due to Injuries or Sickness you are not able to perform the <u>substantial and material duties</u> of Your Occupation." (Emphasis added).

31. The Policy defines "Your Occupation" as follows: "Your Occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled. If your occupation is limited to a board-certified specialty, we will deem your specialty to be Your Occupation."

32. Interventional radiology has always been a substantial and material duty of Dr. Leonard's occupation.

33. Unum conceded, in its Jan. 3, 2022, letter (Exhibit B) denying Dr. Leonard's appeal, that Dr. Leonard could not do any interventional radiology work.

34. As a matter of law, Unum's concession that Dr. Leonard cannot perform interventional radiology work means that Dr. Leonard is totally disabled under the Policy.

35. Unum is collaterally estopped, moreover, from contending that Dr. Leonard is not totally disabled under the Policy in light of the decision in *McCann v. Unum Provident*, 907 F.3d 130 (3d Cir. 2018).

36. Dr. Leonard seeks a declaration that because he cannot perform interventional radiology procedures, a fact that Unum does not dispute, he is "totally disabled' under the Policy.

### Count III – For Long-Term Disability Benefits

37. Dr. Leonard brings this claim under 29 U.S.C. § 1132 and seeks payment of long- term disability benefits.

38. Dr. Leonard remains disabled under the Plan and is entitled to long-term disability benefits.

Unum's decisions terminating Dr. Leonard's benefits and denying his appeal were incorrect because, *inter alia*, Unum incorrectly interpreted and applied the terms of the Policy, Unum

incorrectly determined that Dr. Leonard could engage in diagnostic radiology work, and Unum ignored the opinions of Dr. Leonard's physicians and experts.

39. As a result of Unum's decision, Dr. Leonard has suffered pecuniary loss.

**WHEREFORE**, the Plaintiff, Robert Leonard, M.D., demands judgment in his favor and against the Defendant, Unum Life Insurance Company of America, as follows:

A. A determination that Unum violated ERISA when it failed to provide Dr. Leonard with new and additional evidence and offer Dr. Leonard an opportunity to respond to this evidence prior to Unum making its benefit determination.

B. An order directing Unum to establish and maintain claims and appeals procedures that conform to ERISA's requirements.

C. A determination that Dr. Leonard is disabled and entitled to long-term disability benefits under the Plan.

D. An award of benefits in the form of a single lump sum representing monthly benefits that Dr. Leonard should have received from the date his benefits were terminated and continuing until the date of judgment;

E. A further order directing Unum to pay to Dr. Leonard a monthly disability benefit, beginning on the date of judgment and continuing until Dr. Leonard is no longer disabled under the terms of the Plan;

F. Pre-judgment and post-judgment interest;

G. Attorney's fees and the costs of this action; and

H. Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

*Steven D. DiLibero, Esq.*

*/s/ Steven D. DiLibero, Esq.*
Steven D. DiLibero, Esq.
130 Dorrance Street
Providence, RI 02903
P. (401) 621-9700
F. (401) 331-9503
E. sdilibero@diliberoandassociates.com

**Certificate of Service**

I, the undersigned, hereby certify that on this the 8th day of June 2023 I caused a true copy of the foregoing to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

*/s/ Destany Gil*